The Honorable Mike Beebe State Senator 211 Arch Street Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the following question concerning Act 905 of 1989:
 Please advise me as to whether or not all municipal elections of Mayor and Council will be nonpartisan elections held in the municipal primary unless the City Council adopts a resolution asking for the partisan primary elections to be held. In other words, is it automatic that the races for Mayor and Council will be nonpartisan unless affirmative action is taken by the Council, pursuant to Act 905?
Act 905 provides in pertinent part as follows:
 SECTION 1. Candidates for municipal office in all elections in cities and towns shall be nominated by a municipal primary election, and no names shall be placed upon the general election ballot except those selected in the manner prescribed in this Act.
* * *
 Provided, however, the city or town council of any city or town with the mayor-council form of government by resolution passed before January 1st of the year of the election may request the county party committees of recognized political parties under the laws of the state to conduct party primaries for municipal offices for the forthcoming year. When such resolution has been adopted, the clerk or recorder shall mail a certified coy of such resolution to the chairmen of the county party committees and to the chairmen of the state party committees. Candidates nominated for municipal office by political primaries shall be certified by said county party committees to the county board of election commissioners and shall be placed on the ballot at the municipal primary and/or general election ballot as the case may be.
The answer to your question is "yes." Act 905 provides for a nonpartisan municipal primary prior to the general election. It also provides, however, that in cities and towns with the mayor-council form of government, the council may pass a resolution requesting partisan primaries to be conducted by the recognized political parties. If no resolution is passed in these cities and towns, they will, under Act 905, conduct a nonpartisan municipal primary.
Confusion may result from the Act's use of the word "primary" to describe a nonpartisan election. That term's definition can include, however, a nonpartisan election.[1] Black's Law Dictionary (5th ed. 1979), after defining the word "primary" as meaning elections held by political organizations, also defines the word as meaning: "[a]n election, preliminary in nature, the purpose being to narrow in number the candidates that will appear on the final, official ballot." Black's,supra, at p. 465.
Act 905 contemplates the possibility of three separate elections for municipal offices in cities and towns with the mayor-council form of government. The city or town may pass a resolution requesting political partisan primaries. Candidates nominated for positions in that election will advance to the municipal primary (if the position is one where more than two candidates qualify, i.e., there are qualified independent candidates). See § 3 of Act 905. The municipal primary then will be held (assuming the number of candidates requires it), and the persons elected at the municipal primary will advance to the general election, if necessary. See again § 3 of Act 905 of 1989.
Clearly, though, Act 905 of 1989 authorizes partisan political primaries in cities and towns with the mayor-council form of government only upon the adoption of a resolution requesting them.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] But cf. A.C.A. § 7-1-101(1)(c)(2) defining a "primary election" as one "held by a political party . . . for the purpose of selecting nominees of said political party for certification as candidates for election at any general or special election in this state."